**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LORI Y. CLINE,
               Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,
               Agency.

DOCKET NUMBER
SF-0845-15-0690-I-2

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lori Y. Cline</u>, Huntington Beach, California, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the June 30, 2015 reconsideration decision of the Office of Personnel Management (OPM) terminating her Civil Service Retirement System (CSRS) disability annuity because she was restored to earning capacity and finding her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

ineligible for a waiver of a resulting overpayment of her disability benefits or a repayment schedule adjustment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE in part and AFFIRM in part the initial decision, as MODIFIED, to more fully address the appellant's claimed entitlement to a waiver.

## BACKGROUND

¶2      The appellant retired on disability from her PS-05 Clerk position with the U.S. Postal Service in 2007. *Cline v. Office of Personnel Management*, SF-0845-15-0690-I-1, Initial Appeal File (IAF), Tab 8 at 87. On June 3, 2013, OPM notified her that it had determined that her private-sector income for 2011 exceeded the amount she could earn and remain eligible for a disability retirement annuity. *Id.* at 68. On July 17, 2013, OPM advised her that it terminated her annuity effective June 30, 2012, because, based on this income, she had been restored to earning capacity in 2011. *Id.* at 50; *see* 5 U.S.C. § 8337(d) (providing, in pertinent part, that a CSRS disability retirement annuity terminates 180 days after the end of a calendar year in which an annuitant under 60 years old is restored to earning capacity). OPM further notified her that because her

payments should have terminated effective June 30, 2012, she received an overpayment, totaling $20,128.16. IAF, Tab 8 at 50. On June 30, 2015, OPM issued a reconsideration decision affirming its earlier findings.[2] *Id.* at 6-8. OPM denied her request for a waiver because she was not entirely without fault for the overpayment and recovery would not be against equity and good conscience. *Id.* at 7-8. OPM offered to allow her to repay the overpayment in full or to pay $100 in 201 monthly installments with one final installment of $28.16 through its voluntary repayment program. *Id.* at 8.

¶3      The appellant filed a Board appeal challenging OPM's reconsideration decision. IAF, Tab 1. She admitted to exceeding the restoration to earning capacity (REC) threshold for her Postal position and to receiving an overpayment. *Cline v. Office of Personnel Management*, MSPB Docket No. SF-0845-15-0690-I-2, Refiled Appeal File (RAF), Tab 9 at 5; *see* 5 C.F.R. § 831.1209(a) (defining the REC threshold as income that is 80 percent or more of the current rate of basic pay for the position from which an annuitant retired). However, she claimed that in considering her request for a waiver, OPM should have used a different Postal position with a higher pay rate. RAF, Tab 9 at 5. According to the appellant, if the higher pay rate were used, she would have exceeded her REC threshold by approximately $200, rather than by $1,000. *Id.* She also alleged that she only exceeded the threshold because OPM failed to respond to her questions about her Postal pay rate and her non-Federal employer unexpectedly forced her to work overtime. *Id.* at 6-9. She further argued that repayment would cause her financial hardship because her claimed expenses significantly exceeded her average monthly income; that she detrimentally relied on her disability annuity in incurring substantial student loan debt; and that it would be unjust to

---

[2] OPM's reconsideration decision apparently erroneously identified the appellant as a Federal Employee Retirement System (FERS) disability annuitant. However, the appellant's application for retirement, OPM's letter granting her retirement, and OPM's initial decision all indicate that the appellant was receiving CSRS disability annuity benefits. IAF, Tab 8 at 6, 50, 73-89.

require her to repay a debt vastly disproportionate to the $200 by which she went over the threshold, given her personal, health, and financial conditions. *Id.* at 10-17. OPM challenged the appellant's claimed expenses for her storage unit, transportation, student loans, and adult children. IAF, Tab 8 at 5.

¶4 After the appellant withdrew her request for a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision based on the written record. RAF, Tab 7 at 4, Tab 13, Initial Decision (ID) at 1-2, 15. He found that OPM established by preponderant evidence an overpayment of $20,128.16. ID at 5. He further found that the appellant was not without fault as to the overpayment because she did not disclose her non-Federal earnings when she contacted OPM between January and March 2011 to inquire about her REC threshold or pursue her inquiry after March 2011, despite not receiving an answer from OPM. ID at 6-9. He further found that her age, her physical and mental condition, and the nature of her contacts with OPM did not mitigate her culpability. *Id.* As such, he did not address the appellant's arguments that recovery would be against equity and good conscience. Finally, he found that the appellant was not entitled to a schedule adjustment because, after adjusting and disallowing some of her claimed expenses, she had sufficient monthly income to meet the repayment schedule. ID at 9-15.

¶5 The appellant has filed a petition for review, to which the agency has submitted a pro forma response. *Cline v. Office of Personnel Management*, MSPB Docket No. SF-0845-15-0690-I-2, Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that OPM met its burden of proving that the appellant received an overpayment.</u>[3]

¶6    On review, the appellant advances no arguments contesting the administrative judge's determination that her 2011 income was more than 80% of the current rate of pay for her most recent Postal position or that she continued to receive disability annuity payments after the June 30, 2012 effective termination date until July 17, 2013.  PFR File, Tab 1; ID at 5.  She therefore has shown no error, and we discern none, in the administrative judge's finding that OPM met its burden of proving by preponderant evidence an overpayment of $20,128.16.  ID at 5; *see* 5 U.S.C. § 8337(d) (stating that a CSRS disability annuity terminates 180 days after the end of the calendar year in which the annuitant's income equals at least 80% of the current rate of pay of the position occupied immediately before retirement); 5 C.F.R. § 831.1209(a) (same).

<u>Although the administrative judge erred in finding the appellant at fault in causing the overpayment, she still is not entitled to a waiver.</u>

¶7    The appellant argues that the administrative judge erred in finding her at fault in causing the overpayment because she did not and should not have been expected to know that she exceeded her 2011 REC threshold before OPM contacted her about the issue in June 2013.[4]  PFR File, Tab 1 at 4-8.  Recovery of

---

[3] We find that the administrative judge's reliance on FERS statutes and regulations, as opposed to CSRS, in analyzing the appellant's disability retirement appeal does not affect the outcome of the appeal, as the statutes, regulations, and case law generally are parallel.  *Compare* 5 U.S.C. §§ 8337(d), 8346(b) (containing relevant CSRS provisions), *with* 5 U.S.C. §§ 8455(a)(2), 8470(b) (containing relevant FERS provisions); *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 216 n.3 (1996) (observing that the Board may rely on case law developed under the CSRS in deciding FERS overpayment appeals because the relevant regulations generally are parallel); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] The appellant also argues that finding her at fault for the overpayment because she did not continue to inquire with OPM about her 2011 REC threshold contradicts the

an overpayment from the Civil Service Retirement and Disability Fund may be waived if the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401. The appellant bears the burden of establishing her entitlement to a waiver by substantial evidence.[5] 5 C.F.R. § 831.1407(b).

¶8        Under 5 C.F.R. § 831.1402(a), pertinent considerations in finding fault are whether the payment resulted from the annuitant's incorrect but not necessarily fraudulent statement, which she should have known to be incorrect; whether payment resulted from the individual's failure to disclose material facts in her possession which she should have known to be material; or whether she accepted a payment which she knew or should have known to be erroneous.

¶9        As here, in *Fearon v. Office of Personnel Management*, 107 M.S.P.R. 122, ¶¶ 3, 6 (2007), the Board considered whether an appellant, who had been restored to earning capacity after exceeding her REC threshold, was at fault for an overpayment that accrued after her benefits should have been terminated. In *Fearon*, the appellant signed a sworn statement averring that she correctly reported her earned income, whereas OPM failed to submit a copy of the appellant's earned income report for the relevant year or provide any evidence indicating that she underreported her income. *Id.*, ¶ 9. As a result, the Board found that the appellant had not made any incorrect statement of omissions of material fact that delayed the termination of her disability benefits. *Id.*

Supreme Court's holding in *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990), which she claims stands for the proposition that OPM must disclose accurate information in response to inquiries and that inquirers may reasonably rely on this information. PFR File, Tab 1 at 7. We disagree. In *Richmond*, the Supreme Court held that OPM could not be equitably estopped from denying benefits not otherwise permitted by law, even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official. 496 U.S. at 430-32.

[5] Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence. 5 C.F.R. § 1201.4(p).

Similarly, here, OPM did not provide the appellant's 2011 earning statement or claim that she failed to provide this information, and she stated that she submitted all of the relevant information to OPM.[6] IAF, Tab 8 at 69-70; RAF, Tab 9 at 8, Tabs 10, 12.

¶10 Furthermore, even if the appellant was on notice of the 80% income limitations, it does not necessarily mean that she knew or should have known that her earnings exceeded the limit. *Zelenka v. Office of Personnel Management*, 107 M.S.P.R. 522, ¶ 8 (2007). While she could have visited OPM's website, located the relevant Postal Service salary table on the internet, and made the requisite calculations, it was not her responsibility to do so. *Id.* Rather, it was OPM's responsibility to determine her continued entitlement to payments based on her earned income report. *Id.*; 5 C.F.R. § 831.1209(i). The appellant alleged that because OPM did not respond to her inquiries and she submitted what she believed to be the relevant information, she presumed that her continued receipt of benefits was appropriate. RAF, Tab 9 at 8-9. Once an appellant fulfills her obligations by submitting an earnings report to OPM, she has reason to expect that OPM will make the correct determination on her eligibility and, if the payments continue, to presume that she is entitled to them, unless OPM notifies her otherwise. *Zelenka*, 107 M.S.P.R. 522, ¶ 8.

¶11 Hence, the record does not establish that the appellant made any incorrect statements or omissions of material fact that delayed the termination of her disability annuity, or that she knew or should have known that the payments received after June 30, 2012, constituted an overpayment, at least until OPM's June and July 2013 notices. *Id.* We find that the appellant met her burden to prove that she was without fault in causing the overpayment and modify the initial decision accordingly.

---

[6] Although OPM's June 2013 letter generally references a potential discrepancy in the earnings that the appellant reported to OPM and to SSA, OPM did not further explain the apparent error. IAF, Tab 8 at 68-69.

¶12      Nonetheless, the appellant is not entitled to a waiver of the overpayment because she has not shown that recovery would be against equity and good conscience.  Generally, recovery is against equity and good conscience if it would cause financial hardship, the annuitant can show that she relinquished a valuable right or changed positions for the worse because of the overpayment, or recovery would be unconscionable under the circumstances.  5 C.F.R. § 831.1403(a).  The appellant alleges that the administrative judge improperly reduced her claimed monthly expenses and failed to consider her additional arguments supporting her claims that recovery would be against equity and good conscience.  PFR File, Tab 1 at 8-9.  We find that these allegations provide no basis for reversing the administrative judge's denial of the appellant's request for a waiver of the overpayment.

¶13      Financial hardship warrants waiver of an overpayment of disability retirement benefits if the appellant needs substantially all of her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities.  5 C.F.R. § 831.1404.  Although the administrative judge did not reach the appellant's arguments that recovery would be against equity and good conscience, his adjudication of her entitlement to an adjustment of the recovery schedule is instructive in determining her entitlement to a waiver based on financial hardship.  ID at 9-15; *see Derrico v. Office of Personnel Management*, 42 M.S.P.R. 491, 499, nn.8-9 (1989) (finding that an appellant who has not established entitlement to waiver based on financial hardship may still be entitled to an adjustment of her recovery schedule based on a less demanding showing of financial hardship); 5 C.F.R. § 831.1401 (explaining that an individual ineligible for a waiver may be entitled to a repayment schedule adjustment based on financial hardship).  Although we are free to reweigh the evidence and substitute our own judgment on credibility issues involving these claims because the administrative judge's findings are not based on observations of witnesses'

demeanor, we generally agree with his analysis. *See Haebe v. Department of Justice*, [288 F.3d 1288](#), 1302 (Fed. Cir. 2002).

¶14 The appellant challenges the administrative judge's disallowance of her children's education and transportation expenses, and contends that he significantly undervalued two of her monthly student loan obligations because he relied on outdated monthly payment schedules for these loans. PFR File, Tab 1 at 8-9. Car and student loan payments may be ordinary and necessary expenses if incurred before the appellant became aware of the overpayment and the appellant is legally responsible for the loans. *Wagner v. Office of Personnel Management*, [83 M.S.P.R. 355](#), ¶ 11 (1999).

¶15 The administrative judge allowed the actual education expenses for the appellant's son; therefore, we discern no error in this finding. ID at 11. Additionally, the appellant apparently is not legally responsible for the car loan, insurance, or other payments related to the vehicles titled in the names of her adult children, whom she does not claim on her taxes as dependents. ID at 11-13. We therefore find no error in the administrative judge's disallowance of those claims, and we note that he allowed reasonable expenses related to the appellant's vehicle. ID at 13-14; *see Wagner*, [83 M.S.P.R. 355](#), ¶ 11 (observing that repayment of car loans may be a necessary and ordinary expense and instructing the administrative judge on remand to consider whether the appellant could discharge the loan by selling his car).

¶16 Despite the appellant's arguments otherwise, the information provided does not indicate that her designated monthly obligation for student loans 1153 and 1161 have increased. IAF, Tab 25 at 58-60, Tab 26 at 4-19; PFR File, Tab 1 at 5-6. Rather, the higher figures apparently reflect a past due amount. IAF, Tab 25 at 59. The appellant has not indicated any change in the remaining active loans, which total $92.77 per month. IAF, Tab 26 at 20-27. Her future obligations throughout the overpayment collection period for the student loans without current monthly installments are too indeterminate to be factored into her

present ordinary and necessary expenses.  IAF, Tab 25 at 52-57; RAF, Tab 9 at 6; *see Malone v. Office of Personnel Management*, [113 M.S.P.R. 104](), ¶ 11 (2010) (holding that speculative estimates of potential future expenditures should not be included in the appellant's ordinary and necessary expenses).  We agree with the administrative judge that the appellant has identified an actual monthly student loan obligation of $458.74, as opposed to the $1,045.18 that she claimed.  ID at 14-15.  As such, the appellant's average monthly expenses, including $50 for emergencies, total $1,904.39, leaving her with an excess income of $385.78 per month.[7]  We therefore find that she is not entitled to a waiver based on financial hardship.[8]

¶17    The appellant also reasserts that she detrimentally relied on her disability payments in incurring her student loan debt.  RAF, Tab 9 at 11-13; PFR File, Tab 1 at 10.  We disagree.  To qualify for a waiver on this basis, the appellant must meet all of the following criteria:  (1) she must have relinquished a valuable right or changed positions for the worse as a direct result of the overpayment or the notice that such payment would be made; (2) the loss or change must have been detrimental to her; (3) the loss or change must be material; and (4) the loss

---

[7] The monthly expense total calculated by the administrative judge does not include the $50 for emergency expenses, despite his contention otherwise.  ID at 14-15; *see Maseuli v. Office of Personnel Management*, [111 M.S.P.R. 439](), ¶ 12 (2009) (explaining that OPM allows $50 in emergency expenses per month in calculating repayment schedules).  We therefore add the $50 to the appellant's average monthly expenses of $1,854.39, for a total of $1,904.39.  We have not made any further adjustments to the administrative judge's calculations of the appellant's expenses.

[8] Although the appellant generally disagrees with the administrative judge's adjustments, she does not directly challenge, and we discern no error in, his remaining adjustments to her claimed expenses for her utilities, storage unit, personal vehicle, beauty/gym/other health, or therapy dog.  PFR File, Tab 1 at 8.  The administrative judge allocated the actual amount for the appellant's storage unit.  ID at 13.  The appellant did not provide sufficient explanation for the claimed amount for her car in response to OPM's inquiry, despite having an opportunity to do so.  IAF, Tab 24 at 13-17, 25-26, Tab 29; RAF, Tabs 3, 8.  The remaining expenses were facially unreasonable based on the amount claimed, especially given that the appellant apparently shares household expenses with her parents.  ID at 11-14.

or change must be irrevocable. *Maples v. Office of Personnel Management*, 48 M.S.P.R. 572, 577 (1991). Here, the appellant has made no such showing. Her student loans originated in 2001, 2007, 2008, and 2009, at least 3 years before the overpayment occurred. IAF, Tab 26 at 4, 10, 15, 20, 24-25. Thus, her student loan debt was a preexisting obligation. *See Maples*, 48 M.S.P.R. at 578 (finding that, although the appellant used the overpayment to repay her home mortgage loan, she did not detrimentally rely on the overpayment because the loan predated the overpayment). We therefore find that the appellant did not relinquish a valuable right as a direct result of the overpayment.

¶18 Next, the appellant alleges that recovery would be unconscionable given her recent personal circumstances, inability to pursue gainful employment due to her disabling conditions, compounding student loan debt, and OPM's failure to timely notify her of her 2011 earning capacity. RAF, Tab 9 at 13-17; PFR File, Tab 1 at 8, 10-11. She may be entitled to a waiver if she can show that recovery would be unconscionable. 5 C.F.R. § 831.1403(a)(3). The Board considers all relevant factors using a totality of the circumstances approach to determine if recovery of an annuity overpayment is unconscionable in a given case. *Maples*, 48 M.S.P.R. at 578. Such circumstances include, but are not limited to, when there has been an exceptionally lengthy delay by OPM in adjusting an annuity, or when OPM is otherwise grossly negligent in handling the case. *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 7 (2008). The Board also considers general principles of equity and fairness, such as the appellant's personal circumstances, including her lack of education, disability, or some other factor that makes collection manifestly unfair. *Maples*, 48 M.S.P.R. at 578-79. However, the unconscionability standard is a high one, and a waiver based on this standard will be granted only under exceptional circumstances. *Spinella*, 109 M.S.P.R. 185, ¶ 7.

¶19 While we do not excuse OPM for not conducting a timelier audit, we find that its 1-year delay between the June 30, 2012 effective termination date and the

June 2013 audit and the June and July 2013 overpayment notices does not constitute an exceptionally lengthy delay. *See id.*, ¶¶ 8, 10 (finding that a 79-month delay alone was insufficient to establish unconscionability). Furthermore, although OPM did not respond to the appellant's inquiries about her 2011 REC threshold, she has not shown that OPM handled her case in a grossly negligent manner. The appellant does not claim that OPM provided her with the information based on which she miscalculated her REC threshold. PFR File, Tab 1 at 5 n.2. As the appellant is highly educated, currently 53 years old, and according to OPM, no longer suffering from a disabling condition qualifying her for CSRS disability retirement benefits, we cannot find that collection against her would be manifestly unfair. IAF, Tab 8 at 27; RAF, Tab 5 at 5, Tab 9 at 13; *see Maples*, 48 M.S.P.R. at 578-79 (discussing the factors relevant to a finding that collection is manifestly unfair). As a result, we find that the appellant has not met her burden of showing by substantial evidence her entitlement to a waiver based on unconscionability.

¶20    Except as modified, we agree with the administrative judge's affirmance of OPM's denial of the appellant's request for a waiver.

The Board lacks authority to adjust the appellant's repayment schedule.

¶21    The administrative judge analyzed and made findings concerning the appellant's entitlement to a schedule adjustment. ID at 9-15. Yet, the scope of this appeal is limited to determinations of actions or orders by OPM that affect the appellant's "rights or interests" under the CSRS. 5 U.S.C. § 8347(d)(1); *Zelenka*, 107 M.S.P.R. 522, ¶ 13. If she were receiving a CSRS annuity or some other administrative benefit from which her overpayment may be administratively offset, then a reduction in that benefit to recover an overpayment would affect her rights and interests under the CSRS and fall within the Board's jurisdiction. *Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122, ¶¶ 11-12 (2010); *Zelenka*, 107 M.S.P.R. 522, ¶¶ 11-13. However, she is not receiving such an annuity, and OPM's attempts to recover the overpayment by other means,

whether by persuading her to enter into a repayment agreement, or by referring the matter to the Department of the Treasury or the Department of Justice, do not affect her rights or interest under the CSRS. IAF, Tab 24 at 4-8; *Zelenka*, 107 M.S.P.R. 522, ¶ 13. We therefore lack the authority to adjudicate the appellant's entitlement to an adjustment of the recovery schedule, and we vacate the initial decision regarding these findings. *Id.*

¶22    Accordingly, we deny the petition for review, and we vacate in part and affirm in part, as modified, the initial decision affirming OPM's June 30, 2015 reconsideration decision.[9]

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[9] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.